UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN PLANKER, et al., :
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　:
　v. : Civ. No. 20-4264 (MCA)
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　: **MEMORANDUM & ORDER**
LAWRENCE ATKINS, et al., :
　　　　　　　　　　　　　　　　　:
　　　　　Defendants. :
　　　　　　　　　　　　　　　　　:

　　　　This matter has been opened to the Court by Kevin Planker and Ryan Pittinger's filing of a civil complaint, alleging violations of his civil rights, pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), and under state tort law. Plaintiffs paid the $400.00 filing fee when they submitted the original complaint. Plaintiff Planker subsequently filed a motion for post-filing fee indigency, a motion to amend, and other miscellaneous motions. *See* ECF Nos. 4, 8, 9, 10.

　　　　On February 10, 2022, Plaintiff Planker also submitted a certified six-month prison account statement in support of his IFP application. *See* ECF No. 6-2. At this time, the Court will grant IFP status to Plaintiff Planker only.[1]

　　　　Federal law requires this Court, to "review before docketing. . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A(a) because Plaintiff Planker is a "prisoner" and "seeks

---

[1] Because Plaintiffs paid the filing fee, the Court does not direct that the fee be deducted in installments from Planker's prison account.

redress" from a government entity and governmental employees. Because the Court has granted Plaintiff Planker's IFP application, the complaint is also subject to screening under 28 U.S.C. § 1915(e)(2)(B).

Prior to addressing the motion to amend and screening this matter, the Court must address certain issues raised by Plaintiffs' submissions. First, Plaintiff Planker submitted a Declaration with his original complaint. *See* ECF No. 1-2. In that Declaration, Planker appears to admit that he submitted a complaint in this District on behalf of another Plaintiff, Frank Castaldo, in an action captioned Castaldo v. State of New Jersey, et al. *See* Civ. Action No. 18-14249. Plaintiff Planker seeks to reopen that action and replace Castaldo as the "named" Plaintiff. Plaintiff Castaldo already made a similar request to the Honorable Esther Salas in that action, and the Court denied the request by letter Order dated October 11, 2019. See Civ. Act. No. 18-14249, ECF No. 27. Judge Salas also construed Castaldo's request to withdraw from the case as a voluntary dismissal of the action, which has remained closed since that time. *See id.* This Court likewise denies Plaintiff Planker's request to replace Castaldo as Plaintiff in Castaldo v. State of New Jersey, et al, or to consolidate this action with that closed matter.

The Court also denies Plaintiff's request to proceed in this matter as the named representative in a class action. Plaintiff is proceeding pro se, and therefore cannot represent a putative class. *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006)

("Lewis, who is proceeding pro se, may not represent a putative class of prisoners."). As such, the request for class action status is denied without prejudice.[2]

There are additional irregularities that the Court must resolve prior to screening this matter. Although the original complaint lists Ryan Pittinger as a co-Plaintiff and the original complaint is purportedly signed by him, the proposed amended complaint does not list Ryan Pittinger as a Plaintiff and is not signed by him.[3] Plaintiff Pittinger (alternately referred to in the original complaint as "Ryan Pittenger") is allegedly a former prisoner who was released from Northern State Prison on March 13, 2020. *See* original complaint at ¶ 4. Pittinger's handwritten signature, however, is strikingly similar to Plaintiff Planker's handwritten signature. *See id.* at 84. In light of Plaintiff's Planker's Declaration that he submitted a complaint on behalf of Castaldo in a different action, the Court hereby notifies Planker that he is not permitted to sign the names of other inmates and may be subject to sanctions if the Court learns that he is engaging in such conduct in this action.

At this time, the Court will deny without prejudice Plaintiff Planker's motion to amend and require Ryan Pittinger to notify the Court in writing as to whether he seeks or consents to withdraw as a Plaintiff in this matter. If Plaintiff Pittinger did not sign the original complaint and consent to its submission on his behalf, he should also notify the Court of that fact. If Plaintiff

---

[2] If the matter is proceeded, and if Plaintiff submits a motion to pro bono counsel that is granted by the Court, Plaintiff's counsel could seek class action treatment, if appropriate.

[3] The proposed amended complaint lists another former inmate, Gary Tozzi as co-plaintiff. Gary Tozzi has not signed the proposed amended complaint, *see id.* at 114, and the Court does not consider him to be a plaintiff in this action.

Pittinger does not respond to this Order within 30 days, the Court will deem him to have voluntarily withdrawn from this action, and will reinstate the motion to amend.

The Court will also administratively terminate this matter for docket management purposes pending Plaintiff Pittinger's response to this Order.  Once the Court receives a response from Plaintiff Pittinger, or the time to submit a response expires, the Court will screen the appropriate complaint and reinstate the motion to amend, if appropriate.  The remaining motions submitted by Plaintiff Planker, ECF Nos. 8, 10, are also hereby administratively terminated, subjected to reinstatement after the Court screens this matter.

**IT IS, THEREFORE**, on this 27th day of June 2022

**ORDERED** that Plaintiff Planker's motion for post-filing IFP status, ECF No. 4, is GRANTED as to Plaintiff Planker only; and it is further

**ORDERED** that Plaintiff Planker's motion to amend, ECF No. 9, is DENIED WITHOUT PREJUDICE for the reasons stated herein; and it is further

**ORDERED** that the request for class certification is DENIED WITHOUT PREJUDICE for the reasons stated herein; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Ryan Pittinger AKA Ryan Pittenger, at his last known address; within 30 days of the date of this Memorandum and Order, Mr. Pittinger shall notify the Court in writing as to whether he seeks or consents to withdraw as a Plaintiff in this matter; if Mr. Pittinger did not sign the

original complaint in this matter or consent to its submission on his behalf, he should notify the Court of that fact; and it is further

**ORDERED** that Plaintiff Pittinger shall submit his written response to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, and shall reference Civil Action No. 20-4264, Planker et al. v. Atkins, et al., and it is further

**ORDERED** that if Plaintiff Ryan Pittinger does not respond to this Memorandum and Order within 30 days, the Court will deem him to have voluntarily withdrawn as a Plaintiff in this matter; and it is further

**ORDERED** that this matter and the remaining motions pending at ECF Nos. 8 and 10 shall be ADMINISTRATIVELY TERMINATED pending Plaintiff Ryan Pittinger's response to this Memorandum and Order and the Court's screening of the matter; and it is further

**ORDERED** that once Plaintiff Pittinger responds to the Court's Order or the time to respond expires, the Court will reopen this matter for screening and reinstate Plaintiff Planker's motions, if appropriate; and it is further

**ORDERED** that the Clerk of the Court shall also send a copy of this Order to Plaintiff Planker at the address listed on file.

 

_____
Madeline Cox Arleo, District Judge
United States District Court