**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN PLANKER, *et al.*,<br><br>       *Plaintiffs,*<br><br>v.<br><br>LAWRENCE AKINS, *et al.*,<br><br>       *Defendants.* | Civil Action No. 20-04264<br><br>**OPINION**<br><br>March 30, 2026 |

**SEMPER,** District Judge.

**THIS MATTER** comes before the Court on Plaintiff Kevin Planker's ("Plaintiff") *pro se* Motion to Reopen this administratively terminated habeas action. (ECF Nos. 101; 104.) Defendants oppose the motion. (ECF Nos. 102, 103.) The Court has carefully reviewed the parties' submissions and the procedural history of this matter and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

This action arises from Plaintiff's allegations that Defendants impermissibly restricted his ability to exercise his religion during his incarceration. (ECF No. 1 ¶ 4.) The claims in this matter substantially overlap with those asserted in *Planker v. Barnes*, Civ. No. 13-4464 (BRM), which had been pending before this Court for more than a decade and involved related allegations concerning prison conditions and religious exercise. (ECF No. 103 at 1–2.)

In September and October 2025, the parties—through counsel in the *Barnes* matter—reached a global settlement resolving both actions. (ECF Nos. 98, 103.) Pursuant to that resolution, the Court entered 60-Day Orders in both cases. (ECF No. 100; *Barnes*, Civ. No. 13-4464, ECF No. 161). The *Barnes* action subsequently converted to a dismissal with prejudice, and Plaintiff raised no objection to that dismissal. (*Barnes*, Civ. No. 13-4464, ECF No. 162.)

Consistent with the reported settlement, this action was administratively terminated on October 6, 2025, pending consummation of the agreement. (ECF No. 100.) On December 5, 2025—the final day permitted by the 60-Day Order—Plaintiff filed the present Motion to Reopen. (ECF No. 101, "Motion" or "Mot.") On December 22, 2025, Defendants Erica Musser and Michael D'Addona (the "Medical Defendants") submitted a letter in opposition to the Motion. (ECF No. 102.) Also on December 22, 2025, the Department of Corrections submitted a letter in opposition to the Motion. (ECF No. 103.) On January 15, 2026, Plaintiff filed another submission regarding his Motion, styled as a second "motion to have the case reopened[.]" (ECF No. 104 at 1.)[1] On February 2, 2026, the Medical Defendants filed a letter informing the Court that their opposition to Plaintiff's prior motion to reopen (ECF No. 102) remained applicable. (ECF No. 105.) On the same date, the Department of Corrections filed an additional letter in opposition to Plaintiff's Motion, which largely reiterated the arguments made in their initial opposition. (ECF No. 106.)[2] On March 2, 2026, Plaintiff submitted a letter that asserted no additional legal claims, but instead requested that the Court impose sanctions upon defense counsel on the ground that counsel had falsely represented having provided him with copies of relevant filings. (ECF No. 107.)

---

[1] The Court treats Plaintiff's January 15, 2026 submission (ECF No. 104) as a reply in further support of his December 2025 Motion.

[2] The Court relies upon the Defendants' initial letters in opposition to the Motion. (ECF Nos. 102, 103.)

In the Motion, Plaintiff does not challenge the enforceability of the existing settlement agreement. (*Id.* at 3.) Instead, he asserts new grievances concerning alleged interference with religious practices that post-date the settlement discussions and seeks broad injunctive relief unrelated to the claims previously litigated in this case. (*Id.* at 3-7.)

## II.    LEGAL STANDARD

A motion to reopen a civil action that has been closed pursuant to settlement is governed by the standards of Federal Rule of Civil Procedure ("Rule") 60(b). Once a case has been dismissed with prejudice to effectuate a settlement, the dismissal constitutes a final judgment, and the Court may disturb that judgment only upon a showing that satisfies Rule 60(b)'s "extraordinary relief" requirements. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) (a dismissal based on settlement is a final judgment subject to Rule 60(b)); *see also Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (defining a final judgement as on that fully resolves the merits, disposes of all claims, affords complete relief, and leaves nothing for the court to do except ministerial execution of the judgement).

Rule 60(b) permits relief from a final judgment for six enumerated reasons, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; satisfaction or discharge of the judgment; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). The Rule is "construed strictly," and relief is warranted only in exceptional circumstances where, without such relief, an extreme and unexpected hardship would result. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Where, as here, a party seeks to reopen a case on the ground that the settlement underlying dismissal was invalid, unenforceable, or never consummated, Rule 60(b) remains the exclusive

procedural mechanism. *Sawka*, 989 F.2d at 140. Dissatisfaction with the terms of a settlement, a change of heart, or a subsequent dispute regarding performance does not, standing alone, constitute grounds for reopening a closed case. *Id.*; *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) ("the Rule 60(b) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances"). Instead, the moving party must demonstrate a defect in the settlement process itself—such as fraud, mutual mistake, or lack of authority—that rises to the level contemplated by Rule 60(b). *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 193-94 (3d Cir. 1988).

Because settlements are favored in federal practice and promote the efficient resolution of disputes, courts exercise particular caution before reopening actions terminated by settlement. *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). Absent a clear showing that one of Rule 60(b)'s narrowly defined grounds is met, a motion to reopen a settled and closed case must be denied. *See id.*

### III.   DISCUSSION

Plaintiff has not carried his burden to justify reopening this matter. (*See* ECF Nos. 101; 104.) A conclusory, *post hoc* assertion that the parties "did not settle" (*Id.* at 3) is insufficient to warrant reopening an administratively terminated case where the record reflects that a settlement was reached and relied upon by the Court. The governing inquiry is not whether Plaintiff now disputes that settlement in a single sentence (*Id.*), but whether he has made a legally sufficient showing that no binding agreement existed or that any such agreement is unenforceable. They have not.

First, the record establishes that this action was resolved as part of a global settlement expressly encompassing both this case and *Planker v. Barnes*, Civ. No. 13-4464 (BRM) (the

"Settlement"). (ECF Nos. 98, 103.)   That settlement provided for monetary consideration in exchange for dismissal with prejudice of both actions. *Id.* Plaintiff does not contend that he lacked authority to settle, that the agreement was procured by fraud, or that it is otherwise unenforceable. (Mot. at 3.) Such an agreement, once reached, is binding and enforceable, and a party may not avoid its effect merely by refusing to execute final paperwork or expressing post hoc dissatisfaction. *See McDonnell v. Engine Distribs.*, 314 F. App'x 509, 511-512 (3d Cir. 2009) (holding that a settlement agreement is enforceable where the parties manifested mutual assent, notwithstanding a later refusal to execute a release).

Second, Plaintiff's Motion does not seek to revive the claims that were pending at the time this matter was administratively terminated. (*See* Mot.) Instead, Plaintiff advances new allegations concerning alleged interference with religious practices and requests broad injunctive relief that was neither pleaded nor litigated prior to settlement. (*Id.* at 3-6; *see* ECF No. 9-2, "Amended Complaint".) A motion to reopen an administratively terminated case is not a procedural mechanism to assert new claims or to evade the consequences of a binding settlement agreement. *See Sawka*, 989 F.2d at 140 (explaining that dissatisfaction with a settlement or a desire to pursue additional relief does not constitute grounds to reopen a closed case).

Finally, reopening this matter would serve no practical purpose. The Medical Defendants were not referenced in Plaintiff's Motion, and all Defendants reasonably relied on the reported global settlement to conclude this litigation. (*See* Mot.; ECF No. 102 at 2.) Federal courts have a strong interest in enforcing settlements and conserving judicial resources once a case has been resolved. *See D.R. by M.R.*, 109 F.3d at 901 (recognizing the strong public policy favoring settlement of disputes and the finality of negotiated resolutions).

Accordingly, Plaintiff has failed to demonstrate any legal or equitable basis to reopen this action.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reopen (ECF Nos. 101; 104) is **DENIED**. The Court finds no basis to disturb the administrative termination entered pursuant to the parties' settlement.

An appropriate order accompanies this opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         Michael A. Hammer, U.S.M.J.
            Parties

6